UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON JOHNSON,

    Plaintiff,

v.                                                Case No: 8:20-cv-3069-TPB-AAS

DUSTIN BLANTON, BRANDON
BARNHILL, EVERGLADES
COLLEGE, INC. d/b/a KEISER
UNIVERSITY, and JAMES
VRICOS,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT"**

This matter is before the Court on "Defendants' Motion to Dismiss Plaintiff's Amended Complaint," filed by counsel on January 13, 2021. (Doc. 8). On January 19, 2021, Plaintiff Leon Johnson filed a *pro se* response in opposition to the motion. (Doc. 13). After reviewing the motion, response, court file, and the record, the Court finds as follows:

This case involves claims for race discrimination and retaliation, defamation, civil conspiracy, and emotional distress, arising out of Plaintiff's former employment with Everglades College, where he worked as an instructor. Everglades College is a private, non-profit Florida university offering undergraduate and graduate programs.

In the motion to dismiss, Defendants argue that the amended complaint should be dismissed based on an employee arbitration agreement entered into by the parties on June 20, 2012. The arbitration agreement provides that

> Any controversy or claim arising out of or relating to Employee's employment, Employee's separation from employment, . . . including, but not limited to, claims or actions brought pursuant to federal, state or local laws regarding payment of wages, tort, discrimination, harassment and retaliation . . . shall be referred to and finally resolved exclusively by binding arbitration.

(Doc. 8-1).

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, "embodies a liberal federal policy favoring arbitration agreements." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). In fact, the Eleventh Circuit Court of Appeals has "recognized that the FAA creates a presumption of arbitrability such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (internal quotations omitted).

In this case, Defendants have presented evidence of a valid arbitration agreement. (Doc. 8-1). Plaintiff does not appear to contest the authenticity of this document.[1] Rather, he opposes dismissal by arguing that the arbitration agreement conflicts with the employment agreement that he signed on March 2,

---

[1] The Court "may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

2011, rendering the arbitration agreement unenforceable. The employment agreement provides that

> All matters relating to the employment relationship, including issues relating to the beginning and end of the relationship and the respective duties of the parties to the relationship, shall be construed under and controlled by Florida law.

(Doc. 13-1). Contrary to Plaintiff's assertion, these agreements do not conflict. The employment agreement provides a choice of law provision – namely, that Florida law will be applicable to any disputes related to the employment relationship. The arbitration agreement, on the other hand, provides a forum for disputes.

Defendants can enforce the arbitration agreement in this case. However, they are not entitled to dismissal of the action. In accordance with Eleventh Circuit precedent, this case must be stayed rather than dismissed. *See, e.g., Milestone v. Citrus Specialty Grp., Inc.*, No. 8:19-cv-2341-T-02JSS, 2019 WL 5887179, at *3 (M.D. Fla. Nov. 12, 2019) (citing *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992); 9 U.S.C. § 3; *Giraud v. Woof Gang Bakery*, No. 8:17-cv-2442-T-26AEP, 2018 WL 2057814 (M.D. Fla. May 3, 2018)).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 8) is **GRANTED IN PART** and **DENIED IN PART**.

(2) The motion is **GRANTED** to the extent that the Court finds that Defendants can enforce the arbitration agreement in this case.

(3) The motion is **DENIED** to the extent that Plaintiff's claims are not subject to dismissal at this time.

(4) This case is **STAYED** pending the completion of arbitration, and the parties are directed to notify the Court upon resolution of the arbitration proceedings.

(5) The Clerk is directed to terminate all pending motions and deadlines, and thereafter close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 27th day of January, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**